**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CORNELIUS ROBINSON, JR., :
: Civil Action No. 12-4114 (AET)
      Plaintiff, :
:
      v. : **OPINION**
:
MERCER COUNTY COURTHOUSE, :
:
      Defendant. :

**APPEARANCES:**

Plaintiff pro se
Cornelius Robinson, Jr.
220 B. Cedar Bridge Ave.
Lakewood, NJ  08701

**THOMPSON**, District Judge

    Plaintiff Cornelius Robinson, Jr., was a pre-trial detainee confined at Mercer County Correctional Center at the time he filed this Complaint.[1]  He seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

---

[1] Plaintiff has since been released.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he was arrested on May 1, 2012, and that as of June 20, 2012 he had not been arraigned or had a bail hearing.

Plaintiff seeks monetary damages in the amount of $1,000,000.00. The only defendant named in the caption of the Complaint is Mercer County Court House. In the text of the Complaint, Plaintiff also refers to the prosecutor.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level"); See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (Twombly pleading standard applies in civil rights actions).

> Context matters in notice pleading. Fair notice under
> Rule 8(a)(2) depends on the type of case -- some

> complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Indeed, taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8. Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (citation omitted).

> Therefore, after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of

4

> the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected,

5

> any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.   ANALYSIS

A.   The Claim Against Mercer County Courthouse

Neither a courthouse, nor a county court, is a "person" subject to liability under § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Carroway v. New Jersey, 202 Fed.Appx. 564, 565 (3d Cir. Oct. 18, 2006); Stackhouse v. City of East Orange, 2008 WL 4852680 (D.N.J. Nov. 7, 2008); Barnes v. Mercer County Court House, 2007 WL 1652533 (D.N.J. June 5, 2007).  Accordingly, all claims against the Mercer County Courthouse will be dismissed with prejudice.

B.   The Claim Against the Prosecutor

In the text of the Complaint, Plaintiff also identifies the prosecutor as a defendant.

"[A] state prosecuting attorney who act[s] within the scope of his duties ininitiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410 (1976).  Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  <u>Burns v. Reed</u>, 500 U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function.  See <u>Kalina v. Fletcher</u>, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); <u>Burns</u>, 500 U.S. at 492-96 (the provision of legal advice to police during pretrial investigation is protected only by qualified immunity); <u>Buckley</u>, 409 U.S. at 276-78 (prosecutor is not acting as an advocate, and is not entitled to absolute

7

immunity, when holding a press conference or fabricating evidence).

Here, Plaintiff has alleged <u>no</u> facts describing any activity undertaken by the unnamed prosecutor with respect to the scheduling of an arraignment or bail hearing.  Accordingly, he has failed to state a claim against the unnamed prosecutor.  In any event, any activity undertaken in connection with the scheduling of an arraignment or bail hearing would have been within the scope of the prosecutor's duties in initiating and pursuing a criminal prosecution.  Accordingly, the prosecutor would be entitled to absolute immunity for such activities.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), for failure to state a claim and because it seeks monetary relief from one who is immune from such relief.  It does not appear that Plaintiff could cure these deficiencies by amendment.  An appropriate order follows.

                                    /s/Anne E. Thompson  
                                    Anne E. Thompson  
                                    United States District Judge

Dated: October 1, 2012